**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CEREYON TAYLOR

      Plaintiff,

v.

                                        Case No. 26-cv-11863

                                        Hon. Shalina D. Kumar

EMPIRE DISTRIBUTION, INC.,

      Defendant.

---

## DEFENDANT EMPIRE DISTRIBUTION, INC.'S
## MOTION TO DISMISS THE COMPLAINT

Defendant EMPIRE Distribution, Inc. ("Empire" or "Defendant"), by and through the undersigned counsel, moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I through IV of Cereyon Taylor's ("Plaintiff") Complaint with prejudice.  In support of its Motion, Empire relies upon the supporting brief filed herewith.

Pursuant to Local Rule 7.1(a), there was a conference between the attorneys to be heard on the motion in which Empire explained the nature of the motion and its legal basis and Empire requested but did not obtain concurrence in the relief sought from Plaintiff.

WHEREFORE, Empire respectfully requests that this Court GRANT its Motion and enter an order dismissing Plaintiff's Complaint in its entirety and with

prejudice, and awarding Empire any other relief this Court deems equitable and just,

including reasonable fees and costs.

Dated: July 30, 2026           Respectfully submitted,

                            HICKEY HAUCK BISHOFF JEFFERS
                                & SEABOLT, PLLC

                            */s/Benjamin I. Shipper*
                            Benjamin I. Shipper (P77558)
                            706 South Main Street
                            Plymouth, MI 48170
                            (313) 964-8600
                            bshipper@hhbjs.com

                            REITLER KAILAS & ROSENBLATT LLP
                            Brett Van Benthysen
                            885 Third Avenue, 20th Floor
                            New York, New York 10022
                            Direct: 212-209-3050
                            bvanbenthsen@reitlerlaw.com

                            *Attorneys for EMPIRE Distribution, Inc.*

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CEREYON TAYLOR**,

     Plaintiff,

v.

**EMPIRE DISTRIBUTION, INC.**,

     Defendant.

Case No. 26-cv-11863
Hon. Shalina D. Kumar

---

## DEFENDANT EMPIRE DISTRIBUTION, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ ii

STATEMENT OF ISSUES PRESENTED ............................................................ ii

STATEMENT OF CONTROLLING AUTHORITY ................................................v

PRELIMINARY STATEMENT..........................................................................1

STATEMENT OF RELEVANT FACTS................................................................2

ARGUMENT ...................................................................................................4

    I.      Legal Standard .................................................................4

    II.    Plaintiff Fails to State a Claim for Breach of Contract under Michigan Law..................................................................................5

    III.   Plaintiff Cannot Plead the Elements of a Claim for Accounting ................5

    IV.   Plaintiff Cannot State a Claim for Unjust Enrichment ...............................7

    V.    The Complaint does not Allege the Elements of Fraud With Specificity in Accordance with Fed. R. Civ. P. 9(b)..........................9

    VI.   The Complaint Should Be Dismissed with Prejudice................................10

CONCLUSION ..............................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Armengau v. Cline*
  7 F. App'x 336 (6th Cir. 2001) ...................................................................3

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...................................................................................4

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*
  502 F.3d 545 (6th Cir. 2007)......................................................................5

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ...................................................................................4

*Boyd v. Nelson Credit Centers, Inc.*
  348 N.W.2d 25 (1984) ................................................................................5

*Digital 2000, Inc. v. Bear Commc'ns, Inc.*
  130 Fed. Appx. 12 (6th Cir. 2005)..............................................................7

*Eyde v. Empire of Am. Fed. Sav. Bank*
  701 F. Supp. 126, 130 (E.D. Mich. 1988) ..................................................6

*Frank v. Dana Corp.*
  547 F.3d 564 (6th Cir. 2008)......................................................................9

*Gen. Ret. Sys. of City of Detroit v. UBS, AG*
  799 F. Supp. 2d 749 (E.D. Mich. 2011)......................................................5

*Gupta v. Terra Nitrogen Corp.*
  10 F. Supp. 2d 879 (N.D. Ohio 1998) ...................................................9, 10

*In re Dott Acquisition, LLC*
  520 B.R. 588 (Bankr. E.D. Mich. 2014)......................................................7

*Kammer Asphalt Paving Co. v. E. China Twp. Sch.*
  504 N.W.2d 635 (1993) ..............................................................................8

*Kappes v. FCA US LLC*
  2026 WL 594939 (E.D. Mich. Mar. 3, 2026) .............................................8

*Kerrigan v. ViSalus, Inc.*
  112 F. Supp. 3d 580 (E.D. Mich. 2015)...................................................................7

*Laubengayer v. Rohde*
  133 N.W. 535 (1911) ...............................................................................................5, 6

*Martin v. Associated Truck Lines, Inc.*
  801 F.2d 246 (6th Cir. 1986)..................................................................................11

*Morgan v. Church's Fried Chicken*
  829 F.2d 10 (6th Cir. 1987)......................................................................................5

*Morris Pumps v. Centerline Piping, Inc.*
  729 N.W.2d 898 (2006) ............................................................................................7

*New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp*
  44 F.4th 393 (6th Cir. 2022) ....................................................................................9

*Sanderson v. HCA-The Healthcare Co.*
  447 F.3d 873 (6th Cir. 2006)....................................................................................9

*Smith v. Glenmark Generics, Inc., USA*
  2014 WL 4087968 (Mich. Ct. App. Aug. 19, 2014)................................................8

*St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*
  864 F. Supp. 656, 666 (E.D. Mich. 1994) .............................................................10

*Storey v. Attends Healthcare Prods., Inc.*
  2016 WL 3125210 (E.D. Mich. June 3, 2016) ......................................................8, 9

*U.S. Fidelity & Guaranty Co. v. Black*
  313 N.W.2d 77 (1981) ............................................................................................10

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*
  125 F.3d 899 (5th Cir. 1997)....................................................................................9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................... 1, 2, 4

Federal Rule of Civil Procedure 9(b)..............................................................................9

## STATEMENT OF ISSUES PRESENTED

1.      Whether Plaintiff can state a claim against Defendant for breach of contract when there is no express or implied contract between the parties?

Defendant EMPIRE Distribution, Inc. says: "No"

The Court should say:          "No"

2.      Whether Plaintiff failed to allege the elements of equitable accounting under Michigan law?

Defendant EMPIRE Distribution, Inc. says: "Yes"

The Court should say:          "Yes"

3.      Whether Plaintiff can state a claim against Defendant for unjust enrichment without alleging that he directly conferred a benefit on Defendant?

Defendant EMPIRE Distribution, Inc. says: "No"

The Court should say:          "No"

4.      Whether Plaintiff alleged fraud with specificity?

Defendant EMPIRE Distribution, Inc. says: "No"

The Court should say:          "No"

## STATEMENT OF CONTROLLING AUTHORITY

Pursuant to Local Rule 7.1(d)(2), Defendant EMPIRE Distribution, Inc. states

that the following authorities are the controlling or most appropriate authorities for

the relief requested by this Motion:

Federal Rules of Civil Procedure 12(b)(6)

*Boyd v. Nelson Credit Centers, Inc.*, 348 N.W.2d 25, 27 (1984)

*Eyde v. Empire of Am. Fed. Sav. Bank,* 701 F. Supp. 126, 130 (E.D. Mich. 1988)

*Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)

*Gen. Ret. Sys. of City of Detroit v. UBS, AG*, 799 F. Supp. 2d 749, 758 (E.D. Mich. 2011)

*Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210, at *12 (E.D. Mich. June 3, 2016)

*St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*, 864 F. Supp. 656, 666 (E.D. Mich. 1994

v

Defendant EMPIRE Distribution, Inc. ("Empire" or "Defendant"), by and through the undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff Cereyon Taylor ("Taylor" or "Plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff, a music producer who allegedly produced songs for the artist Phillip Peaks p/k/a Peezy, asserts claims against Empire, which distributes certain of Peezy's works. The gravamen of Plaintiff's claim is that he is being underpaid his contractual producer royalty. However, Plaintiff does not have a contract with Empire, and thus cannot maintain a contact claim against Empire. Plaintiff entered into an agreement with Peezy but does not name Peezy as a defendant in this action.

The Complaint also alleges claims of unjust enrichment, fraudulent accounting and constructive fraud. However, Plaintiff cannot state a claim for unjust enrichment because Plaintiff does not directly confer any benefit on Empire. Plaintiff cannot state a claim for fraud because Plaintiff does not plead with specificity and does not identify any false or misleading statements. Finally, Michigan does not recognize a claim for constructive fraud. Plaintiff's claims are baseless, and the Complaint should be dismissed in its entirety and with prejudice.

1

## STATEMENT OF RELEVANT FACTS

Plaintiff commenced this action against Empire asserting claims for breach of contract, accounting, unjust enrichment, and fraudulent accounting/constructive fraud. Complaint at pages 3-5.[1] The Complaint does not satisfy Rule 10 because the allegations and claims are not stated in numbered paragraphs.

Plaintiff is a music producer, and Defendant is a music distribution company. *Id.* at pages 1-2.

Plaintiff allegedly produced the master recordings entitled "2 Million Up" for Peezy and entered into a Producer Agreement with Peezy. *Id.* at pages 1, 3. Plaintiff alleges that pursuant to the Producer Agreement he is entitled to royalty participation derived from revenues generated through exploitation of the recordings. Complaint at page 2.

Plaintiff alleges that Empire underpaid producer royalties owed to Plaintiff in connection with the exploitation of the recordings and refused to provide Plaintiff with an accounting. *Id.* at pages 1-2. Plaintiff alleges that the royalty accounting he was provided (it is not alleged who provided the accounting) is inconsistent with the streaming activity and implied revenues calculations generated from the exploitation of the sound recordings. *Id.*

---

[1] Citations to the allegations in the Complaint, referred to herein as "¶__", are assumed true only for the purposes of considering Empire's motion to dismiss pursuant to Rule 12(b)(6).

Plaintiff alleges that he received limited royalty payments but that the payments are materially deficient and that Empire continues to exploit the recordings while failing to properly account to Plaintiff.  *Id.* at page 3.

Plaintiff does not allege that he entered into any contract with Empire.

The Producer Agreement, which is referenced in the Complaint, is dated August 3, 2022, and is executed by Plaintiff and BOYZ ENT, LLC, the furnishing company for Peezy ("Boyz Ent"). **Exhibit 1**, at Ex. A.[2]  Plaintiff does not name Boyz Ent as a defendant.

Pursuant to the Producer Agreement, Plaintiff agreed to provide all necessary services to produce and record the "master recordings entitled '2 Million Up' and '2 Million Up (ft. Jeezy, Real Boston Richey, and Rob49)' (the 'Masters')."  *Id.* ¶¶ 5-6.  In exchange, Plaintiff is entitled to a producer royalty calculated as a percentage of top-line net sales or as a different percentage of net income received by Boyz Ent.  *Id.* ¶ 7.  The Producer Agreement specifically states that "Company [Boyz Ent] shall pay or shall cause Distributor [Empire] to pay to Producer [Plaintiff] a producer royalty . . . ."  *Id.*  Empire is not a signatory to the Producer Agreement.  Thus, the Producer Agreement does not create any obligation between Plaintiff and Empire, including the obligation to pay Plaintiff or account to Plaintiff.

---

[2] *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings.")

3

Attached to the Producer Agreement is a Letter of Direction from Boyz Ent to

Empire, which states as follows:

> We hereby request and authorize you, to the extent applicable, solely as an accommodation to us, to make payments to, to account to, and credit Producer pursuant to the applicable terms and conditions of the agreement attached hereto.
>
> \*   \*   \*
>
> Your compliance with this authorization will constitute an accommodation to us alone, and nothing herein shall vest in Producer rights a beneficiary of or party to this instrument or any other agreement between you and us.

*Id.* at Ex. B.  The Letter of Direction expressly states that Plaintiff does not have

rights under the Producer Agreement against Empire.

## ARGUMENT

### I.   Legal Standard

To survive dismissal under Rule 12(b)(6), a complaint must allege "enough

facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). While a complaint does not require "detailed factual allegations"

to survive dismissal, the "obligation to provide the 'grounds of his entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007); *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548

(6th Cir. 2007).  Further, the court "need not accept as true legal conclusions or

4

unwanted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## II.  Plaintiff Fails to State a Claim for Breach of Contract under Michigan Law

The Complaint fails to state a claim for breach of contract under Michigan law.  "[T]o state a contractual claim, the plaintiffs must have privity with the defendant." *Gen. Ret. Sys. of City of Detroit v. UBS, AG*, 799 F. Supp. 2d 749, 758 (E.D. Mich. 2011).  Empire is not a party to the Producer Agreement between Plaintiff and Boyz Ent. which Plaintiff alleges was breached.  Moreover, by the plain terms of the Letter of Direction attached to the Producer Agreement, Plaintiff does not have any rights against Empire.  Further, Plaintiff does not allege the existence of any other contract between Plaintiff and Empire.  Plaintiff thus has no privity with Empire and cannot state a claim for breach of contract.

## III.  Plaintiff Cannot Plead the Elements of a Claim for Accounting

The Complaint does not state a claim for equitable accounting under Michigan Law.  The Michigan Court of Appeals held that "[t]o sustain a bill for an accounting there must be mutual demands, a series of transactions on one side, and payments on the other. Where all the items are on one side, there can be no accounting." *Boyd v. Nelson Credit Centers, Inc.*, 348 N.W.2d 25, 27 (1984) (citing *Laubengayer v. Rohde,* 133 N.W. 535 (1911)).  Plaintiff does not allege mutual demands, a series of

transactions by either Plaintiff or Empire and payments by the other party. Accordingly, Plaintiff does not plead the elements of a claim for accounting.

Further, "an accounting is an equitable remedy and a plaintiff's entitlement to that remedy must be determined by the facts alleged in his pleadings rather than by reference to his prayer for relief." *Eyde v. Empire of Am. Fed. Sav. Bank,* 701 F. Supp. 126, 130 (E.D. Mich. 1988) (dismissing an accounting claim because plaintiff sought money damages). A plaintiff seeking an accounting claim must establish the inadequacy of a legal remedy where "discovery is [not] sufficient to determine the amounts at issue." *Id.* Plaintiff has not borne the burden of pleading a lack of adequate legal remedy nor alleged that discovery is insufficient to determine amounts at issue for the accounting claim.

The Complaint does not contain any factual allegations to suggest why an equitable accounting would be appropriate. Instead, Plaintiff's minimal reference in the prayer for relief to all revenues derived from "2 Million Up" is the only factual information relevant to the circumstances of the request for equitable relief. This is insufficient under *Eyde*, as the entitlement to equity is not determined by reference to Plaintiff's prayer for relief. In the pleadings, Plaintiff fails to identify why a legal remedy would be insufficient. Plaintiff only provides a conclusory statement regarding the claim and fails to allege any relevant facts to why an equitable

accounting is necessary and appropriate.   Plaintiff does not allege there is no adequate remedy at law, and the accounting claim should be dismissed.

Finally, accounting claims are typically reserved for transactions that "are so complex that ordinary discovery procedures would be inadequate." *In re Dott Acquisition, LLC*, 520 B.R. 588, 637 (Bankr. E.D. Mich. 2014) (quoting *Boyd*, 348 N.W.2d at 27). Further, "[i]n light of the broad discovery available to litigants, accounting actions are of dubious utility." *Gen. Ret. Sys. Of City of Detroit v. Onyx Capital Advisors, LLC,* 2011 WL 4528304, at *13 (E.D. Mich. Sept. 29, 2011) (citing *Digital 2000, Inc. v. Bear Commc'ns, Inc.,* 130 Fed. Appx. 12, 22 (6th Cir. 2005)). If Plaintiff had pleaded a viable claim against Empire, which he has not, there are no allegations in the Complaint that Plaintiff would be unable to determine the amount of losses through discovery. Therefore, the accounting claim should be dismissed for this separate reason as well.

## IV.    Plaintiff Cannot State a Claim for Unjust Enrichment

Plaintiff's unjust enrichment claim should also be dismissed.  "To state a claim of unjust enrichment, a plaintiff must allege '(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant.'" *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 614 (E.D. Mich. 2015) (quoting *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (2006)). Because the doctrine of unjust enrichment creates an

implied contract between a plaintiff and defendant who was inequitably enriched, "courts employ the fiction with caution." *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 504 N.W.2d 635, 640 (1993) (citation omitted).

First, Plaintiff does not and cannot allege that he directly conferred a benefit on the defendant. *Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210, at *12 (E.D. Mich. June 3, 2016) (citing *Smith v. Glenmark Generics, Inc., USA*, 2014 WL 4087968, at *1 (Mich. Ct. App. Aug. 19, 2014) (unpublished) ("Notably, caselaw does not specifically state that the benefit must be received directly from the plaintiff, but [*Kammer Asphalt Paving Co. v. E. China Twp. Sch*., 443 Mich. 176, 185-86, 504 N.W.2d 635, 640 (1993), and other cases] make it clear that it must.") (brackets in original)); *Kappes v. FCA US LLC*, 2026 WL 594939, at *19 (E.D. Mich. Mar. 3, 2026) (collecting cases). Plaintiff does not allege that any of his production services and creative contributions conferred a direct benefit on Empire. The benefits allegedly derived from the Plaintiff's services and contributions related to the master recordings entitled "2 Million Up" are directly beneficial to Peezy pursuant to the Producer Agreement between Plaintiff and Peezy. Empire is not a party to that agreement.

Second, Plaintiff fails to allege that it would be inequitable for Empire to retain the benefit that Plaintiff allegedly (indirectly) conferred on Defendant. A failure to set forth facts "that would make plausible their conclusory allegations" is

another reason for which a plaintiff may fail to state an unjust enrichment claim. *Storey*, 2016 WL 3125210, at \*13. Here, Plaintiff's cause of action provides only the conclusion that Empire has received benefits through the exploitation of Plaintiff's products and services but nonetheless fails to provide facts to support the allegation. The Complaint does not identify how Empire has received benefits.  The Complaint offers no facts identifying why the alleged benefits were unjust.  Plaintiff's recitation of threadbare and conclusory allegations in the Complaint do not cure these defects, and the claim should be dismissed.

### V.    The Complaint does not Allege the Elements of Fraud With Specificity in Accordance with Fed. R. Civ. P. 9(b)

Plaintiff's fourth cause of action is for fraudulent accounting or constructive fraud.  A fraud claim in the Sixth Circuit is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 410 (6th Cir. 2022). In general, "Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen*

9

*Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). Plaintiff fails to allege the above elements in the Complaint.

The Complaint does not specify which royalty accounting statements were fraudulent. It neglects to provide any factual allegations regarding who produced such statements, when or where the statements were made, or why they were fraudulent. All four of the necessary elements fail to be alleged. Instead, Plaintiff offers baseless conclusory allegations, far beyond a particular and objectively false statement of fact that he reasonably relied upon.

Plaintiff's claim for "constructive fraud" also fails.  Michigan does not recognize a cause of action for "constructive fraud." *St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*, 864 F. Supp. 656, 666 (E.D. Mich. 1994) (citing *U.S. Fidelity & Guaranty Co. v. Black*, 313 N.W.2d 77 (1981)).  The Michigan Supreme Court explained that a claim exists for innocent misrepresentation, but "the rule of innocent misrepresentation only applies to parties in privity of contract." *U.S. Fid. & Guar.*, 313 N.W.2d at 85.  Plaintiff does not have privity of contract with Empire and cannot state a claim.

## VI.    The Complaint Should Be Dismissed with Prejudice

Plaintiff cannot state a claim for breach of contract or innocent misrepresentation because he has no privity with Empire.  Further, Plaintiff did not directly confer a benefit on Empire, and thus cannot state a claim for unjust

enrichment. Allowing Plaintiff to amend his complaint would be futile and should thus be dismissed with prejudice. *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248-50 (6th Cir. 1986).

### CONCLUSION

For the foregoing reasons, Empire's Motion to Dismiss the Complaint should be granted in its entirety.

Dated: July 30, 2026                 Respectfully submitted,

HICKEY HAUCK BISHOFF JEFFERS
  & SEABOLT, PLLC

*/s/Benjamin I. Shipper*
Benjamin I. Shipper (P77558)
706 South Main Street
Plymouth, MI 48170
(313) 964-8600
bshipper@hhbjs.com

REITLER KAILAS & ROSENBLATT LLP
Brett Van Benthysen
885 Third Avenue, 20th Floor
New York, New York 10022
Direct: 212-209-3050
bvanbenthsen@reitlerlaw.com

*Attorneys for EMPIRE Distribution, Inc.*

11